HOWARD S. STEVENSON

*v.*

EDWARD HEYLAND, et al.

Where the negotiable note of a third person is, before its maturity, taken in good faith *in payment* of a precedent debt, the indorsee is entitled to protection as a holder for value, against any equities between the antecedent parties.

This action was brought in the District Court for Ramsey County. The complaint sets out a cause of action upon a promissory note executed by the defendants to Dodge, Stevenson & Co., and by them assigned, as is alleged, for a valuable consideration, before maturity, to the plaintiff.

The answer alleges that the consideration of said note was the sale and delivery of a reaper, which was sold with warranty, and a breach of the warranty; "that plaintiff never paid anything for said note, and knew all said facts before he got possession of said note." The reply puts at issue the new matter in the answer.

The testimony on the part of the plaintiff showed that the note was transferred to the plaintiff without recourse, in payment of an antecedent and existing debt, and without knowledge on the part of the plaintiff of any equities between the parties thereto.

On the part of the defendants, testimony was offered and received, under objection, to show the consideration of the note, the warranty, and breach, &c.

The court charged the jury, among other things: "If you believe that this note was received by the plaintiff in payment of a precedent debt, then the defendants may set up

Stevenson v. Heyland et al.

the same defenses as against this plaintiff, as they could have done against the payees of the note, had the action been brought by them." The plaintiff excepted to this charge. The jury returned a verdict for the defendants; whereupon the plaintiff moved the court for a new trial, which motion was denied. The plaintiff appeals from the order denying said motion, to this court.

Morris Lamprey, for Appellant.

I. If the plaintiff relinquished any security, or parted with any thing of value, relying upon the credit of the note at the time it was endorsed and transferred to him, he is a bona fide holder, and the note is protected against all equities between the previous parties thereto. "It is the fact of parting with property or incurring responsibility upon the defendant's credit, which gives the superior equity." This note was endorsed without recourse. 23 Wend. page 311; 21 Wend. page 497; 4 Cow. page 166; Ed. on Bills, 373; Burr, 1516; 2 Gall. C. C. R. 238; Story on Bills, page 249; 4 Duer, 362; 13 N. Y. 168; 6 Duer, 588.

II. The bona fide holder of a negotiable prommissory note to whom it has been endorsed before maturity in payment of a pre-existing debt, without notice of any equities between the maker and payee, is not affected by those equities. Receiving a negotiable note before due, in payment of or as security for a debt contracted at the time, or for a pre-existing debt, is according to the well known course of business. "It is for the benefit and convenience of the commercial world, to give as wide an extent as practicable to the credit and circulation of negotiable paper, that it may pass not only as security for new purchases and advances made upon the transfer thereof, but also in payment of and as security for pre-existing debts." Such is the wise policy of the mercantile law. Story on Prom. Notes, Sec. 195, and cases cited; *Swift v. Tyson*, 14 Curt. U.

S. D. 166; *Goodman v. Simons*, 20 How. S. C. 343; *Cooledge v. Payson*, 4 Curt. 25; *Brush v. Scribner*, 11 Conn. 388; *Blanchard v. Stevens*, 3 Cush. 162; *Carlisle v. Wishart*, 11 Ohio, 172; 4 Shepl. 177; 2 App. 175; Comp. Stats. page 535, Sec. 28; 11 N. H. 66; 5 Johns. Ch. 57; 3 Kent's Com. 97, and note; 8 Ala. R. 669; 1 Doug. (Mich.) 413; 41 Penn. 227; 16 Maine, 177; 20 Ib. 175; 35 Ib. 324; 16 Penn. 123; 3 Cow. 444; 2 Paige, 509; 5 Wend. 66; 5 Sand. 7; 1 Hill, 513; 3 Sand. 222: 24 Wend. 115; 1 Denio, 583.

III. The New York adjudications seem to make a distinction between a note endorsed as security for a pre-existing debt, and one taken in actual payment of such debt. But it is insisted, upon the weight of authority, that this distinction is not well founded. 6 Hill, 93; 20 Johns. 649; 10 Wend. 86; 12 Wend. 602; 31 Verm. 450; 31 Barb. 183; 3 Bosw. 310; 34. Miss. 56; 18 Barb. 187; 12 N. Y. 551; 33 Barb. 215; 37 Barb. 458.

IV. The court erred in charging the jury, that if the plaintiff took the note in payment of a pre-existing debt, he took it subject to all defenses thereto between the original parties, in any event; because, it is well settled that equities between original parties to a note, arising out of collateral matters, or subsequent to the endorsement thereof to the holder, never can be set up as a defense by the makers against the holders. *Becker v. Bank*, 1 Minn. 311; 1 Sand. 561; Chitty on Bills, marg. page 221.

BRISBIN & WARNER, for Respondents.

I. The note sued upon having been taken for a precedent debt, it was not error to receive the testimony showing a breach of the warranty, which was the consideration of the note. *Coddington v. Bay*, 20 Johns. 637, per Spencer, C. J.; Ib. 5 Johns. Ch. R. 54, per Kent, C. J.; *Slather v. McDonald*, 6 Hill, 93, per Wallworth, C. J.; 5 Minn. 508;

Stevenson v. Heyland et al.

9 Wend. 170; 10 Wend. 86; 12 Wend. 523; Ib. 593; 13 Wend. 605; 14 Wend. 576, affirmed S. C.; 12 Wend. 484; 1 Hill, 501; 2 Hill 140; Hill & D. on Supp. 363; 19 Barb. 326; 3 Eden, 183; 2 Sand. Ch. 16; 1 Sand. 53; 12 Johns. 306; 1 E. D. Smith, 154; 6 Barb. 445; 13 Wend. 605; 1 Salk. 146; Ib. 284; 1 Burr, 452; 4 Burr, 1516; Dory, 633; Bas. & Pul. 648; 2 Camp. 574; Bayley on Bills, 500; Chit. on Bills, 5th Ed. 100, (*i*), 100, (*j*); 13 East. 135, and note; 9 Burn. & Cressy, 208; Byles on Bills, 20.

II. The court below did not err in its charge that if the plaintiff took the note in payment of a pre-existing debt, he took it subject to equities.

The counsel of appellant *interpolates* the charge given with the words, "in any event," and claims the application of 1 Minn. 311. There was no such charge. But, granting there was, it is immaterial here, as there was no offer to show equities arising subsequent to the inception of the note, growing out of collateral matters. The proposition is entirely irrelevant.

*By the Court*—Wilson, C. J.—This action was brought on a promissory note, given by the defendants to Dodge, Stevenson & Co., and which was before maturity indorsed to the plaintiff, without recourse, in payment of an antecedent and existing debt.

The court below charged the jury as follows: "If you believe that this note was received by the plaintiff in payment of a precedent debt, then the defendants may set up the same defenses as against the plaintiff as they could have done against the payees of the note had the action been brought by them." To this charge the plaintiff's counsel excepted: its correctness is the principal question before the Court. It would seem now to be a well settled rule of commercial law, that where the negotiable note of a third person is, before its ma-

turity, taken in good faith *as payment* of a precedent debt, the indorsee is entitled to protection, as a holder for value, against any equities between the antecedent parties. *Swift v. Tyson* 16 Pet. R.; *Goodman v. Simons*, 20 How. U. S. R. 343; *Blanchard v. Stevens*, 3 Cush. 152; 1 Am. Lead. Cases, 4th Ed. 334–5–6; *Bank of St. Albans v. Gilliland*,, 23 Wend. 312; *Bank of Sandusky v. Scoville*, 24 Wend. 115; *White v. Springfield Bank*, 3 Sand. S. C. R. 222; *N. Y. Marble Iron Works v. Smith*, 4 Duer, 362. See also *Younys v. Lee*, 12 N. Y. 554.

We are referred to the cases of *Coddington v. Bay*, 5 J. C. R. 54; 20 J. R. C. 37, and *Stalker v. McDonald*, 6 Hill, 93, as being in conflict with this doctrine, but an examination of these cases shows that the question before the court in each was, whether a person receiving and holding such note as *collateral security* for the payment of a precedent debt, is a holder for a valuable consideration within the meaning and policy of the mercantile law.

There was no question before the court in either case, as to the effect of a transfer in *payment* of such debt. The loose expressions of any of the judges on the last question, were extra-judicial, and show only what was their private opinion on this question. See *White v. Springfield Bank*, *N. Y. Marble Iron Works v. Smith*, and *Youngs v. Lee, ante.*

We think the charge of the court below was in this respect erroneous, and as this question seems to be decisive of the case, we deem it unnecessary to examine any other.

The order appealed from is reversed, and new trial ordered.